UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 1, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| ANDREW HESS, | )<br>) |
|     Plaintiff-Appellant, | )<br>) |
| v. | )    O R D E R<br>) |
| OAKLAND COUNTY, MI, et al., | )<br>) |
|     Defendants-Appellees. | )<br>) |

Before: MOORE, COLE, and GRIFFIN, Circuit Judges.

Plaintiff Andrew Hess appeals the district court's denial of a temporary restraining order in this civil rights suit challenging the constitutionality of Michigan Compiled Laws § 750.543m(1)(a), both facially and as applied to Hess's conduct. He moves for an injunction pending appeal. Defendants Oakland County, Michigan; Prosecutor Karen McDonald; Director of Elections Joe Rozell; Sheriff Michael J. Bouchard; and Sergeant Matthew Peschke oppose Hess's motion.

While serving as an observer of an election recount run by Defendant Joe Rozell, Oakland County's Director of Elections, Hess was overheard saying to an associate, "hang Joe for treason." When the comment was reported to law enforcement who were on hand for security, Hess was questioned but ultimately allowed to return to the recount room. Months later, Oakland County prosecutors charged Hess under § 750.543m(1)(a) with making a terrorist threat. The charge was dropped when the Michigan Court of Appeals, in a separate proceeding, declared the terrorist-

threat statute facially unconstitutional because it did "not require the prosecution to prove that [the defendant] acted recklessly." *People v. Kvasnicka*, No. 371542, 2025 WL 492469, at *2 (Mich. Ct. App. Feb. 13, 2025), *vacated and remanded*, 18 N.W.3d 308 (Mich. 2025). But the Michigan Supreme Court vacated and remanded the decision for further consideration by the Michigan Court of Appeals, and the statute was reinstated. *See People v. Kvasnicka*, No. 371542, 2025 WL 2045006, at *6–7 (Mich. Ct. App. July 21, 2025). In the interim, Hess filed this civil rights suit and sought a temporary restraining order and preliminary injunction barring his prosecution under § 750.543m(1)(a). The district court denied injunctive relief. Hess appealed, and he now moves this court for an injunction while his appeal is pending.

We consider four factors when deciding whether to grant an injunction pending appeal: (1) the likelihood that the movant will succeed on the merits of the appeal; (2) the likelihood that the movant will suffer irreparable harm absent a stay; (3) whether a stay will cause substantial harm to others; and (4) whether a stay serves the public interest. *Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.3d 150, 153 (6th Cir. 1991)). The last two factors balance each other out; Defendants' interests in prosecutorial discretion are neutralized by the public's interest in protecting fundamental rights. *See McCleskey v. Kemp*, 481 U.S. 279, 297 (1987) (explaining the importance of prosecutorial discretion); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights"). And the Supreme Court has long recognized that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Thus, the motion boils down to Hess's likelihood of success in appealing the district court's denial of a preliminary injunction. And

because preliminary injunctions are subject to the same four-factor test applicable here, Hess's success on appeal turns on the merits of his First Amendment claim. *See Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" (quoting *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009)))

The statute at issue, § 750.543m(1)(a), makes it a crime to "[t]hreaten[] to commit an act of terrorism and communicate[] the threat to any other person." Hess argues that § 750.543m(1)(a) is facially unconstitutional because it criminalizes offending speech without requiring proof that it "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (per curiam); *see also N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 928 (1982). Hess's *Brandenburg* argument is misplaced, however, because § 750.543m(1)(a) prohibits "true threats," not incitement to violence. *See Kvasnicka*, 2025 WL 2045006, at *4; *People v. Osantowski*, 736 N.W.2d 289, 298 (Mich. Ct. App. 2007) (holding that § 750.543m(1)(a) only prohibits "true threats"), *rev'd in part on other grounds*, 748 N.W.2d 799 (Mich. 2008).

Like incitement, true threats "lie outside the bounds of the First Amendment's protection." *Counterman v. Colorado*, 600 U.S. 66, 72 (2023). The existence of a threat depends primarily on the understanding of the hearer: "'what the statement conveys' to the person on the other end." *Id.* at 74 (quoting *Elonis v. United States*, 575 U.S. 723, 733 (2015)). A true threat also requires a mens rea of recklessness, as opposed to incitement, which demands a showing of specific intent. *Id.* at 79–81. In line with *Counterman*, the Michigan Court of Appeals on remand construed § 750.543m(1)(a) "as requiring that the prosecution prove (1) that the defendant *recklessly* threatened (2) to commit an act of terrorism and (3) that the threat was communicated to another

person." *Kvasnicka*, 2025 WL 2045006, at *6. This construction renders Hess unlikely to succeed on his *Brandenburg*-based facial challenge.

Hess next argues that § 750.543m(1)(a) is unconstitutional as applied to his statement here: "hang Joe for treason." He asserts that the court can determine, as a matter of law, that his comment is not a true threat because "no *reasonable* person on this planet" would consider it to be a "serious expression of intent to commit *an act of terrorism*." We disagree. Whether Hess's statement was a serious statement or mere political hyperbole, *see Watts v. United States*, 394 U.S. 705, 708 (1969) (per curiam), and whether his actions demonstrate reckless disregard to a substantial and unjustifiable risk that others would regard his statement as threatening violence, *see Counterman*, 600 U.S. at 79, are both questions for the fact finder. *See Thames v. City of Westland*, 796 F. App'x 251, 262 (6th Cir. 2019). Hess himself recognizes that the answers to these questions turn on objective reasonableness and factual context. Because there are arguments and evidence on both sides of these questions, Hess has not demonstrated a likelihood of success on the merits of his as-applied challenge.

Accordingly, the motion for injunction pending appeal is **DENIED** and the motion for an expedited decision is **DENIED** as moot.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk